In re JACOB LEVINE & SONS CO.

(District Court, N. D. Ohio, E. D. November 17, 1926.)

No. 11397.

1. Bankruptcy ⊙═119, 224—Appointment of trustee and of attorney by referee held justified.

Appointment of trustee and of attorney by referee *held* justified in a case where composition was offered by acts of bankrupt.

2. Bankruptcy ⊙═482(1)—Where composition was accepted, bankrupt was not chargeable for services of attorneys resulting only in increase of composition offer.

Where composition was accepted, bankrupt cannot be charged for services of attorneys, which resulted only in increase of composition offer.

3. Bankruptcy ⊙═368, 482(1)—Allowance of fees to trustee and his attorneys considered, modified, and approved.

Allowance of fees to trustee and attorneys for receiver and trustee in composition case considered, and *held* not excessive as to trustee, though modified as to attorneys.

In Bankruptcy. In the matter of Jacob Levine & Sons Company, bankrupt. On exceptions to allowance of fees. Exceptions sustained in part.

McKain & Ohl, of Youngstown, Ohio, for bankrupt.

Doyle, Fisher & Stroh, of Youngstown, Ohio, for receiver.

Doyle, Fisher & Stroh, of Youngstown, Ohio, and Sachs & Caplan, of Pittsburgh, Pa., for trustee.

JONES, District Judge. The bankrupt objected to the allowance of fees to the trustee, the attorney for the trustee and attorneys for the receiver. The objections to the fees allowed by the referee are based upon the claim that, this being a composition matter, there was no necessity for the election of the trustee, nor for the employment of attorneys for the trustee, and, further, that the fees allowed are excessive for the service performed by the respective applicants.

Adjudication was entered on a voluntary petition November 20, 1925. The referee called the first meeting of creditors for December 2, 1925. The bankrupt filed a petition on November 25th, requesting the referee to call a meeting of the creditors to consider a 25 per cent. composition. On the date of the first meeting of creditors certain witnesses were sworn and examined, and evidence developed with respect to the secretion of $6,500 of assets of the bankrupt. This meeting was thereafter adjourned to December 7th, which was the date set for the consideration of the offer of 25 per cent. composition. On that date further examination of witnesses was had, and complications arose which, in the opinion of the referee, necessitated the election of a trustee to take charge of the assets of the company and to protect a contingent and unliquidated claim of the bankrupt arising out of a contract at New Castle, Pa. A trustee was thereupon duly and legally elected, and thereafter attorneys were appointed to represent him. Hearing on the offer of composition, originally set for December 7th, was adjourned until December 11th, at which time further examination of witnesses was had, and a further adjournment to December 21st was taken. On that date further examination of witnesses took place and application was made by the bankrupt to amend its offer of composition to 45 per cent. On December 26th the amended offer of composition was duly accepted.

[1] It seems clear to the court, from an examination of the records submitted, that the referee was amply justified in appointing a trustee and attorneys to represent him. In view of the situation which developed, it was necessary that an officer of the court and a representative of the creditors be placed in charge of the assets and property of the bankrupt for the preservation of the estate. The conduct of the officers of the bankrupt corporation required it, and the bankrupt should not now be heard to complain of expense created and resulting from the action of its officers. It may well be true that ordinarily, in composition cases, trustees are not usually elected, there being no necessity therefor, but certainly, in a proper case, there is no prohibition against such necessary action. The only question of importance is whether the fees as allowed are in excess of what would be fair and reasonable fees for services performed in like matters.

[2, 3] The trustee applied for an allowance of $558, and the referee recommended an allowance in the sum of $500. This, it seems to me, is not excessive, in view of the size of the estate, and is within the limits fixed by law in composition cases.

The attorney for the receiver asked for an allowance of $1,500, and the referee recommended an allowance in the sum of $1,030. The charges made by the attorney for the receiver cover services performed for the receiver over a period from November 20, 1925, to December 10, 1925. The charges were made for work done on substantially twelve different days. The most expensive part of the service appears to have been the necessity of

ancillary proceedings in the Western district of Pennsylvania with relation to a contingent and unliquidated claim of the bankrupt against the Republic Iron & Steel Company for work done under contract at New Castle, Pa. In my opinion, the charges for services in this connection are somewhat out of proportion to the nature of the employment. The recommendation of the referee will be modified and an allowance made in the sum of $500.

The application for fees as attorneys for trustee cover charges from the date of the election of the trustee on December 7th to some time in January. $4,070 was the amount of the application, as to which the referee recommended an allowance of $2,290. The theory upon which the attorneys claim allowance in the amount asked appears to be that through their activities the bankrupt was induced or impelled to increase its offer of composition from 25 per cent. to 45 per cent. Whatever benefit resulted to the creditors as the result of the zealous efforts of attorneys for trustee could not be charged against the bankrupt, in view of the fact that the creditors accepted the composition; but it is nevertheless true that, if the bankrupt's conduct made necessary the services which were actually performed, it should be required to bear the reasonable expense therefor.

The charges made are out of all proportion to any charges which have come to the court's notice for similar services, and cannot be allowed even to the extent recommended by the referee. My opinion and finding is that $1,000 is ample and sufficient allowance to attorneys for trustee in this case.